UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-101-GFVT

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                          **PLEA AGREEMENT**

TAYLOR LEE BURDEN                                                    DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute 40 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 and 3. The Defendant also agrees to forfeiture of the assets listed in the Forfeiture Allegations.

2. The essential elements of Count 1 are:

(a) that the Defendant, and others, did engage in a conspiracy or agreement to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl, Schedule II controlled substance, and

(b) that the Defendant knew the purpose of the agreement and voluntarily joined the conspiracy.

(c) that the quantity of fentanyl was 40 grams or more.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

> (a) Beginning in September 2022, and continuing through on or about October 19, 2022, in Georgetown, in the Eastern District of Kentucky, Georgetown Police Department (GPD) were investigating co-defendant, Mabel Francis Soto, and her associates for drug trafficking from her residence on Payne Street in Georgetown.
>
> (b) On or about October 18, 2022, GPD while conducting surveillance at the Payne Street address observed the Defendant engaging is suspected drug transactions with several cars arriving at the residence. GPD made stops on at least two of the vehicles and recovered controlled substances from the vehicle occupants. The occupants admitted purchasing the drugs from individuals at that Payne Street address.
>
> (c) A state search warrant was executed and GPD recovered well over 100 grams of fentanyl pills was recovered in a front bedroom along with crushed fentanyl pills, and a distribution quantity of methamphetamine. The Defendant was identified as the male subject observed engaging in the transactions with the vehicles stopped by GPD. During the search, GPD found a handgun and more than $251,100 in drug proceeds in the same bedroom where the majority of the drugs were found. Soto admitted that she knew the Defendant would sell drugs and permitted him to stay there to sell them.
>
> (d) The investigation revealed that Defendant agreed to sell drugs for Soto. The Defendant was paid with a quantity of drugs to support his drug addiction and allowed to reside at the Payne Street address. The Defendant obtained the fentanyl from Soto and sell to others outside the residence. He provided the proceeds from the sales to Soto. The Defendant knew that controlled substances and drug proceeds were in the Payne Street.
>
> (e) The seized drugs were sent to the KSP lab for analysis and returned a positive result for 13.3 grams of methamphetamine and approximately 131 grams of fentanyl marked with "M 30" on the outside. This is an amount consistent with distribution as opposed to mere personal use.

2. The statutory punishment for Count 1 is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised

release of at least 4 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

3. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

> (a) United States Sentencing Guidelines (U.S.S.G.), November 2024, Manual, will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes 13.3 grams of methamphetamine and approximately 131 grams of fentanyl marked with "M 30" on the outside.
>
> (c) Pursuant to U.S.S.G. § 2D1.1, the base offense level is 24.
>
> (d) Pursuant to U.S.S.G. § 3B1.2(b), decrease the offense level by 2 levels for a "minor role"
>
> (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

4. There is no agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

5. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant retains the right to appeal the final sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

6.     The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

7. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

8. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant

is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

9. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. MCCAFFREY
ACTING U. S. ATTORNEY

Date: 10/6/25      By: _____
Roger W. West
Assistant United States Attorney

Date: 10/2/25

_____
Taylor Lee Burden
Defendant

Date: 10/2/2025

_____
Hon. Adele Burt Brown
Attorney for Defendant